Receipt #062710

ORIGINAL

ECF

FILED
APR 12 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

AMERICAN STATES INSURANCE COMPANY,
500 N. Meridian, 5th Floor
Indianapolis, IN 46204,

Plaintiff,

v.

CASE NO.: 05- 468C
Judge

UNITED STATES OF AMERICA,

Defendant.

* * * * * * * * * * *

## COMPLAINT

Plaintiff, American States Insurance Company ("ASIC"), by its undersigned counsel, sues the United States of America ("United States") and for cause states as follows:

### Jurisdiction

1. Jurisdiction is conferred upon this Court pursuant to the Tucker Act, 28 U.S.C. §1491.

### The Parties

2. The Plaintiff, ASIC, is a corporation organized under the laws of the State of Washington.

3. The Defendant is the United States of America.

**Facts**

1. On or about the 25th day of August, 2000, the United States, by and through the General Services Administration (hereinafter referred to as "United States") awarded Contract No. G805P00GBC0041 to Peter Maneyski Construction, Inc. ("PMCI"), General Contractor, of 1111 West Webster Avenue, Chicago, Illinois 60614, for the repair, remodeling and renovations to certain office space utilized by the Internal Revenue Service at the John C. Kluczynski Federal Building, 230 S. Dearborn Street, Chicago, Illinois. ASIC as surety for PMCI issued performance and payment bonds in accordance with the Miller Act, 40 U.S.C. §270(a) - (d) to secure PMCI's contract with the United States. True and accurate copies of the bonds are attached hereto as **Exhibits 1 and 2**. The bonds were received and accepted by the United States.

2. On or about October 23, 2001 the United States first became aware that certain subcontractors of PMCI were not being paid by PMCI for the labor, material and services that had been provided to PMCI. The United States became aware of PMCI's failure to pay the subcontractors as it was notified directly of the fact of non-payment by certain subcontractors.

3. Thereafter, on December 6, 2001 and January 2, 2002, ASIC gave written notice to the United States that various subcontractors and suppliers had asserted claims for non-payment, and by virtue of those claims, ASIC demanded that the United States not issue any further payments to PMCI for work performed

on the contract. True and accurate copies of said notices are attached hereto as **Exhibits 3** and 4.

4. Subsequent to ASIC's notification of GSA that it was not to issue any further payments to PMCI, ASIC was required to and did make payments under its performance and payment bonds in the amount of $592,871.41 and ultimately completed performance of the contract at issue.

5. Notwithstanding and subsequent to ASIC's notices, and notwithstanding having been directly notified by at least five subcontractors that they were unpaid and due $440,017.45 from PMCI, the United States ignored these facts and made payments of $95,583.44 directly to PMCI. Thus, these funds were not paid to ASIC and for which the United States is liable under the circumstances to ASIC.

6. Additionally, the United States continues to hold the sum of $22,283.10, which represents the unpaid contract balance. ASIC, by virtue of its having paid claims and completed the performance of PMCI's work, is entitled to the payment of these sums as well.

**Count I**

1. The allegations contained in paragraphs 1 through 6 are incorporated herein by reference.

2. ASIC has completed the contracts to the satisfaction of the United States and has made payments in the amount of $592,871.41 pursuant to the Plaintiff's performance and payment bond.

3. By reason of the contract of suretyship and ASIC's rights as surety, the contract funds in the hands of the United States are security to which the surety is entitled upon the principal's default and the United States is bound to avoid any action impairing the surety's interest in those contract funds.

4. Under the circumstances set forth herein the United States breached its duties owing to ASIC as performing surety and is liable to ASIC in the amount of the contract funds wrongfully disbursed in the amount of $95,583.44.

5. Under the circumstances set forth herein, ASIC is also entitled to be paid the unpaid contract balance in the amount of $22,283.10.

WHEREFORE, Plaintiff American States Insurance Company prays that judgment be entered in its favor in the amount of $117,866.54, plus interest and costs.

Attorney for Plaintiff,
American States Insurance Company

Signed this 8th day of April, 2005.

Harold E. McKee
Riordan, Donnelly, Lipinski & McKee, Ltd.
Attorneys for Plaintiff, American States Insurance Company
10 N. Dearborn Street, 4th Floor
Chicago, Illinois 60602
(312) 663-9400
facsimile - (312) 663-1028
email: hmckee@rdlmlaw.com

Bond No. 6045847

| PERFORMANCE BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) August 25, 2000 | FORM APPROVED OMB NO. 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

PRINCIPAL (Legal name and business address)

Peter Maneyski Construction, Inc.
1111 West Webster Avenue
Chicago, IL 60614

TYPE OF ORGANIZATION ("X" one)

☐ INDIVIDUAL ☐ PARTNERSHIP ☐ JOINT VENTURE ☑ CORPORATION

STATE OF INCORPORATION: Illinois

SURETY(IES) (Name(s) and business address(es))

American States Insurance Company
10055 Sweet Valley Drive
Valley View Ohio 44125

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 2 | 708 | 727 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| | GS05P00GBC0041 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract, and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

PRINCIPAL

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | Peter Maneyski Construction, Inc. Peter Maneyski | | | |

EXHIBIT #1

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | | |

CORPORATE SURETY(IES)

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | American States Ins. Co., 10055 Sweet ~~Valley Drive, Valley View, OH 44125~~ | STATE OF INC. IN | LIABILITY LIMIT $ 113,362,000.00 | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Ila Delman, Attorney-in-fact | 2. | | |

Bond No. 6045847

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) August 25, 2000 | FORM APPROVED OMB NO. 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

PRINCIPAL (Legal name and business address)

Peter Maneyski Construction, Inc.
1111 West Webster Avenue
Chicago, IL 60614

TYPE OF ORGANIZATION ("X" one)

☐ INDIVIDUAL ☐ PARTNERSHIP
☐ JOINT VENTURE ☒ CORPORATION

STATE OF INCORPORATION: Illinois

SURETY(IES) (Name(s) and business address(es))

American States Insurance Company
10055 Sweet Valley Drive
Valley View, Ohio 44125

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 1 | 354 | 363 | .50 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| | GS05P00GBC0041 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

PRINCIPAL

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | Peter Maneyski Construction, Inc. Peter Maneyski | | | |

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | | |

EXHIBIT #2

CORPORATE SURETY(IES)

SURETY A

| NAME & ADDRESS | American States Ins. Co. 10055 Sweet Valley Drive, Valley View, OH 44125 | STATE OF INC. IN | LIABILITY LIMIT $ 113,362,000.00 | Corporate Seal |
|---|---|---|---|---|
| SIGNATURE(S) | 1. | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Ila Delman, Attorney-in-fact | 2. | | |

# POWER OF ATTORNEY

AMERICAN STATES INSURANCE COMPANY
INDIANAPOLIS, INDIANA 46204

No. 12332

KNOW ALL BY THESE PRESENTS:

That AMERICAN STATES INSURANCE COMPANY, a Indiana corporation, does hereby appoint

------------------------------------E.A.J. DELMAN; Chicago, Illinois------------------------------------

its true and lawful attorney(s)-in-fact, with full authority to execute on behalf of the company fidelity and surety bonds or undertakings and other documents of a similar character issued by the company in the course of its business, and to bind AMERICAN STATES INSURANCE COMPANY thereby as fully as if such instruments had been duly executed by its regularly elected officers at its home office, in amounts or penalties not exceeding the sum of:

UNLIMITED ------------------------------------------------------------------------

DOLLARS ($ UNLIMITED )

IN WITNESS WHEREOF, AMERICAN STATES INSURANCE COMPANY has executed and attested these presents

this 19th day of June, 2000

R.A. PIERSON, SECRETARY

W. RANDALL STODDARD, PRESIDENT

## CERTIFICATE

Extract from the By-Laws of AMERICAN STATES INSURANCE COMPANY:

"Article 8, Section 8.1 1. - FIDELITY AND SURETY BONDS . . . the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the corporation fidelity and surety bonds and other documents of similar character issued by the corporation in the course of its business . . . On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the corporation, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

I, R. A. Pierson, Secretary of AMERICAN STATES INSURANCE COMPANY, do hereby certify that the foregoing extracts of the By-Laws of this corporation, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws and the Power of Attorney are still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation

this 25th day of August, 2000




R.A. PIERSON, SECRETARY

S-4910/ASEF 10/98

8/19/00 PDF

LAW OFFICES
RIORDAN, DASHIELL & DONNELLY, LTD.

JAMES R. DASHIELL
PATRICK G. DONNELLY
JAMES S. DOWNES
MARC S. LIPINSKI
GENEVIEVE M. LYNOTT
JAMES R. MATA
HAROLD E. McKEE
MICHAEL PALERMO, JR.
CORNELIUS F. RIORDAN
JAMIE L. SCHWARTZ

10 NORTH DEARBORN STREET, FOURTH FLOOR
CHICAGO, ILLINOIS 60602
312.663.9400
FAX 312.663.1028
WEB ADDRESS: rddlaw.com

OF COUNSEL
GARY L. GRIFFIN
EDWARD P. McNEELA
JOHN HOEFFLER

December 6, 2001

VIA FACSIMILE AND U.S. MAIL
Ms. Bobbie Tyler
Administrative Contracting Officer
General Services Administration, Public Building Services
230 S. Dearborn Street, Room 3512
Chicago, IL 60604-1696

| | | |
|---|---|---|
| Re: | Surety: | American States Insurance Company |
| | Principal: | Peter Maneyski Construction, Inc. |
| | Obligee: | United States of America |
| | Project: | IRS 17th, 22nd and 28th Floor alterations |
| | Contract No.: | G505P00GBC0041 |

Dear Ms. Tyler:

We represent American State Insurance Company ("American States"), which issued performance and payment bonds on behalf of Peter Maneyski Construction, Inc. ("PMCI") with respect to the above-referenced project.

It is our understanding that there are still contract funds which remain unpaid on this project. Any consent that American States had previously furnished to the General Services Administration for the payment of the final balance to PMCI is hereby revoked.

To date, American States has received three separate claims from labor and material suppliers to PMCI, all of whom claim nonpayment. Those labor and material suppliers are Guerra Construction, Roughneck Drilling and Saw Cutting and Cape Townsend, Inc. Guerra's claim is for approximately $250,518.00. Roughneck Drilling is asserting it is due $5,930.00, and Cape Townsend is similarly seeking $9,190.00. On behalf of American States, we hereby claim the contract balances to the extent of the collective amount of aforesaid claims. This claim is made pursuant to American States equitable rights in and to the contract balances as surety for PMCI.

EXHIBIT
tabbies
# 3

COPY

Also, please let me know whether the General Services Administration has any records in its possession pertaining to the work of any of these unpaid subcontractors. If so, we would like the opportunity to review these records at your earliest convenience.

If you have any questions relating to the foregoing, please feel free to contact me.

Very truly yours,

RIORDAN, DASHIELL & DONNELLY

Harold E. McKee

HEM/nav
cc: Ann T. Hester, Esq.
Surety Counsel

COPY

LAW OFFICES
RIORDAN, DASHIELL & DONNELLY, LTD.

10 NORTH DEARBORN STREET, FOURTH FLOOR
CHICAGO, ILLINOIS 60602
312.663.9400
FAX 312.663.1028
WEB ADDRESS: rddlaw.com

JAMES R. DASHIELL
PATRICK G. DONNELLY
JAMES S. DOWNES
MARC S. LIPINSKI
GENEVIEVE M. LYNOTT
JAMES R. MATA
HAROLD E. McKEE
MICHAEL PALERMO, JR.
CORNELIUS F. RIORDAN
JAMIE L. SCHWARTZ

OF COUNSEL
GARY L. GRIFFIN
EDWARD P. McNEELA
JOHN HOEFFLER

January 2, 2002

Ms. Bobbie Tyler
Contracting Officer Property Development
General Services Administration
230 S. Dearborn Street, No. 5
PCI, Room 3512
Mail Stop 35-3
Chicago, IL 60604-1696

| | | |
|---|---|---|
| Re: | Surety: | American States Insurance Company |
| | Principal: | Peter Maneyski Construction, Inc. |
| | Obligee: | United States of America |
| | Project: | Chicago, IL, JCK Federal Building, "IRS 17th, 22nd and 28th Floor alterations", GS 05T00GBC0041, IIL 93001 |

Dear Ms. Tyler:

Thank you for your letter dated December 7, 2001. Please forward any forms that the General Services Administration requires be prepared with respect to the American States Insurance Company's ("Surety's") request for information on this project.

We also have noted with interest your comment that "there is no authority in law by which we may enforce payment or withhold funds from the principal contractor to make up the nonpayment". We direct your attention to the United States Supreme Court Case of *Pearlman v. Reliance Insurance Company* 371 U.S. 132 (1962) which establishes that a surety has an equitable right of subrogation to funds due a contractor retained by the government. Moreover, Peter Maneyski Construction, Inc. no doubt has a duty, through its contract with the General Services Administrative, to timely pay for work performed and/or labor and materials supplied on the project by its subcontractors and suppliers. Moreover, any funds held by the General Services Administration on this contract for this project which remain unpaid represent collateral security of the Surety to insure that Peter Maneyski Construction, Inc.'s unpaid subcontractors and suppliers are fully satisfied. As previously stated in my December 6, 2001 letter to you, Surety again reiterates that no payments, be it progress payments or retainage be released to Peter Maneyski Construction, Inc. pending prior approval by Surety. The General Services

EXHIBIT
tabbies
#4

COPY

Administration's failure to honor Surety's request may result in damages to Surety, for which the Surety will seek to hold the General Services Administration accountable if necessary.

I look forward to working with you in this matter. Nothing in this letter should be construed by the General Services Administration or by the United States of America as any waiver or relinquishment of any rights, claim or defense that surety has, all such rights, claims and defenses being hereby expressly reserved.

Very truly yours,

RIORDAN, DASHIELL & DONNELLY

Harold E. McKee

HEM/nav
cc: Ann T. Hester, Esq.

COPY