IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN STATES INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-468C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), counsel for plaintiffs, American States Insurance Company ("ASIC"), and defendant, the United States, submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that the Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

Plaintiffs do not anticipate amending the complaint to add additional plaintiffs.

g. Dispositive Motions

At this time, the parties do not anticipate filing motions pursuant to RCFC 12(b) or 12(c). However, either before, or upon, completion of discovery, the parties may file dispositive motions pursuant to RCFC 56.

h. Relevant Issues

1. Whether defendant is liable to ASIC for progress payments disbursed to a contractor.

2. Whether defendant is liable to ASIC for any unpaid contract balance.

3. In the event plaintiffs prevail upon the issue of liability, the amount of damages, if any, to which plaintiffs are entitled.

i. Settlement

The parties state that settlement may be an appropriate vehicle by which to resolve this matter, and the parties will make every effort to reach an amicable resolution, should such a course of action be deemed appropriate. At this time, the parties do not believe that alternative dispute resolution will be useful in facilitating settlement.

j. Trial

As stated above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. The parties anticipate that a trial would take place in Washington, D.C.

k. Electronic Case Management

The parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties plan to conduct discovery simultaneously, and propose the following discovery plan in accordance with RCFC Appendix A ¶ 5:

1. Pursuant to RCFC 26(a)(1), initial disclosures shall be made by November 4, 2005.

2. Fact discovery shall commence immediately upon all issues, and shall be completed by May 4, 2006.

3. At this time, the parties do not anticipate requiring expert discovery. In the event that either party decides to rely upon expert opinion, the parties shall comply with the requirements of RCFC 26(a)(2).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ BRYANT M. SNEE
BRYANT M. SNEE
Assistant Director

s/ HAROLD McKEE

HAROLD McKEE
Riordan, Donnelly,
Lipinski & McKee, Ltd.
10 North Dearborn Street
4th Floor
Chicago, IL 60602
Tel: (312) 663-9400
Fax: (312) 663-1028

Attorney for Plaintiff

October 3, 2005

s/ PAUL R. WELLONS

PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

Attorneys for Defendant

October 3, 2005

CERTIFICATE OF FILING

I hereby certify that on October 3, 2005, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS